IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 4:20-CR-17 |
| | ) | |
| KARL BURDEN EL-BEY | ) | |
| (a/k/a Carl L. Burden) | ) | |
| _____ | ) | |

GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE
CERTAIN ARGUMENTS AND EXHIBITS, AND TO LIMIT CERTAIN TESTIMONY

The United States, by and through undersigned counsel, hereby moves *in limine* to exclude

arguments, exhibits, and testimony regarding matters that are irrelevant to the factual

determinations to be made by the jury in the instant case and that will also be substantially more

prejudicial than probative. Based on the Defendant's pretrial submission (Doc. 46), as well as

items that the Defendant mailed to the case agent following her attempt to contact him on

December 7, 2017, attached as Exhibit 1, the Government anticipates that the Defendant will try

to present legal arguments and evidence that challenge the constitutionality or legal authority of

the Sixteenth Amendment, the Internal Revenue Code, and the Treasury regulations.  Additionally,

the Government anticipates that the Defendant may challenge this Court's jurisdiction and

authority.  For instance, the Defendant wrote that "the United States District Court, of the Eastern

District of Virginia Newport News division, has no Article III judicial power," (Doc. 46 at 47) and

that the Defendant is "not a United States citizen, person, individual or any other legal fiction,"

(Doc. 46 at 29) and is "unbound by all statutory and legislative restraints" (Exhibit 1 at 13).[1]

---

[1] Tax defiers often argue that they are not liable for federal income taxes because they are not "persons" subject to taxation under the Internal Revenue Code. A citizen or resident of the United States is included in the Internal Revenue Code's definition of a United States person. 26 U.S.C. §

Exhibits, testimony, and arguments presenting incorrect statements of the law invade the province of the Court to instruct the jury on the law.  Allowing such arguments and evidence will confuse the jury as to its true role of determining the factual issues before it as opposed to making determinations on the law.  The United States therefore respectfully asks the Court to limit the jury's exposure to arguments that are not relevant to the factual issues the jury must decide.  The United States seeks to prevent the defense from arguing or presenting evidence regarding: (1) incorrect interpretations of the law; (2) self-serving hearsay; or (3) speculation from witnesses regarding the contents of the Defendant's mind.

## BACKGROUND

On March 10, 2020, a grand jury sitting in the Eastern District of Virginia, Newport News Division, charged the Defendant, Karl Burden El-Bey, a/k/a Carl L. Burden, with thirty counts of Aiding in the Preparation of False Tax Returns, in violation of 26 U.S.C. § 7206(2) (Counts 1–30), one count of Theft of Government Funds, in violation of 18 U.S.C. § 641 (Count 31), and five counts of Failure to File a Tax Return, in violation of 26 U.S.C. § 7203 (Counts 32–36).  (Doc. 1) These charges arose out of the Defendant's conduct spanning from approximately January 2013 through approximately June 2019 while working as a tax return preparer.  During this time, the

---

7701(a)(30)(A). The "not-a-person" argument has been dismissed by the courts as "frivolous," "patently frivolous," "frivolous beyond doubt," "fatuous," and "obviously incorrect." *See, e.g., Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990); *United States v. Karlin*, 785 F.2d 90, 91 (3d Cir. 1986); *Biermann v. Commissioner*, 769 F.2d 707, 708 (11th Cir. 1985); *United States v. Rice*, 659 F.2d 524, 528 (5th Cir. 1981); *United States v. Romero*, 640 F.2d 1014, 1016 (9th Cir. 1981). Another popular tax defier argument is that the defier is not subject to federal law because he or she is not a citizen of the United States, but a citizen of a particular "sovereign" state. This argument has been consistently rejected by the courts. *See United States v. Cooper*, 170 F.3d 691, 691 (7th Cir. 1999) ("These arguments, frivolous when first made, have been rejected in countless cases. They are no longer merely frivolous; they are frivolous squared."); *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) (rejecting "patently frivolous" argument that defendant was not a resident of any "federal zone" and therefore not subject to federal income tax laws).

Defendant willfully reported false items on his clients' federal income tax returns in order to inflate their refunds, and in turn, to generate his own income.  In at least one instance, the Defendant stole $5,000 directly from the United States Department of Treasury, which constituted a portion of a client's falsely-inflated refund. The Defendant also failed to file personal income tax returns for five consecutive years, despite exceeding the minimum filing threshold for statutory gross income earned in each charged year.  The Defendant's trial is scheduled to begin on July 6, 2021.

ARGUMENT

I.       **The Court Should Exclude Defendant's Incorrect Interpretations of the Law**

As a preliminary matter, courts have made clear that a defendant should not be allowed to confuse the jury with incorrect interpretations of the law, including the Constitution, the Internal Revenue Code, the Treasury regulations, and the Court's jurisdiction and authority over the Defendant.

"In our judicial system the court instructs the jury on the applicable law, and directs the jury to determine the facts from the evidence and to apply the law as given by the court to those facts.  The law is neither introduced as evidence nor presented through witnesses at trial." *United States v. Garber*, 589 F.2d 843, 849 (5th Cir. 1979).  Moreover, "it is within the sole province of the court 'to determine the applicable law and to instruct the jury as to that law.'" *United States v. Hill*, 167 F.3d 1055, 1069 (6th Cir. 1999) (*quoting In re Air Crash Disaster*, 86 F.3d 498, 523 (6th Cir. 1996)); *see also United States v. Mann*, 884 F.2d 532, 538 (10th Cir. 1989) ("It is the district court's peculiar province to instruct the jury on the law[.]").  "The law is given to the jury by the court and not introduced as evidence …. Obviously, it would be most confusing to a jury to have legal material introduced as evidence and then argued as to what the law is or ought to be …. Juries only decide facts, to which they apply the law given to them by the judge." *United States*

*v. Willie*, 941 F.2d 1384, 1396 (10th Cir. 1991) (quoting numerous cases, including *Cooley v. United States*, 501 F.2d 1249, 1253–54 (9th Cir. 1974)) (internal citations omitted).

The Defendant's arguments must be limited to the facts presented during trial and the instructions given by this Court. The Defendant is permitted to argue that he lacked the requisite intent or willfulness to commit the crimes with which he is charged, based upon a good faith misunderstanding of his duty under the law. *See Cheek v. United States*, 498 U.S. 192, 202 (1991) (government required to rebut claim of good faith misunderstanding or ignorance of the law); *United States v. Whiteside*, 810 F.2d 1306, 1311 (5th Cir. 1987) (approving of jury instruction stating that "[t]he defendant's conduct is not willful if he acted through negligence, inadvertence, justifiable excuse, mistake, or due to his good faith misunderstanding of the requirements of the law"). A disagreement with the law, however, is *not* a defense to the crimes alleged in the indictment since one has to know what the law is in order to disagree with it. The Defendant is not permitted to blur the line between factual evidence about his state of mind and the actual law. *See* Fed. R. Evid. 103(c). Moreover, if the Defendant interjects his disagreements with the law into the proceedings, the Court ought to issue an instruction to disregard them. *See Cheek*, 498 U.S. at 206. A reading of the language of *Cheek* supports the following possible instruction:

> A person's opinion or belief that the tax laws are invalid or violate his constitutional rights is not a defense to the crime charged in this case. Mere disagreement with the law does not constitute a good faith misunderstanding of the requirements of the law, because it is the duty of all persons to obey the law whether they agree with it. Any evidence that you have heard to the contrary in this regard is irrelevant and should be ignored.

*See Cheek*, 498 U.S. 192, 202–06; *see also United States v. Hauert*, 40 F.3d 197, 202 (7th Cir. 1994) (upholding a jury instruction that explained that "a disagreement with the tax laws or a personal belief that the tax laws are unconstitutional, no matter how earnestly believed, will not

4

negate willfulness"); *United States v. Snyder*, 766 F.2d 167, 170 (4th Cir. 1985) (upholding an instruction that told the jury that only a good faith misunderstanding of the law—rather than a disagreement with it—is a defense). If the Defendant has legal arguments regarding the interpretation of the Internal Revenue Code, he can present such arguments to the Court in a trial brief or through proposed jury instructions.  The Court can then determine the law and present it to the jury after all evidence has been presented.

## II.    The Court Should Exclude Evidence that is Irrelevant to the Issue of Willfulness

Under the Federal Rules of Evidence, the jury shall not be exposed to inadmissible evidence. Fed. R. Evid. 103(c). "Relevant evidence" is evidence having "any tendency to make the existence of any fact" that is "of consequence in determining the action" "more probable or less probable than it would be without the evidence[.]" Fed. R. Evid. 401. Relevant evidence is generally admissible. "Irrelevant evidence," however, "is not admissible." Fed. R. Evid. 402.

The primary issue in this case will be the Defendant's willfulness.  Thus, the relevance of most evidence will depend on how probative it is of the Defendant's state of mind.  The Defendant likely will argue that certain evidence is necessary to demonstrate that he held a good-faith belief that he was not required to file federal income tax returns for tax years 2013 through 2017.  The Defendant, however, is permitted to introduce only *factual* evidence upon which he relied during those years to form his opinions about the tax laws.

Thus, evidence of the Defendant's interpretation of the law should be excluded. The Defendant may be able to introduce this kind of information if he lays a proper foundation to reveal: (1) the Defendant was exposed to the evidence *prior* to forming his views (as opposed to after his views were already formed); (2) an explanation of how the evidence was relied upon by the Defendant and was instrumental in forming his views; and (3) the evidence is not self-serving

hearsay that the Defendant helped create in support of his already-existing views. A document or conversation is not relevant to the Defendant's state of mind unless he relied upon it in making his decision not to file tax returns.    Thus, conversations and documents asserting a legal conclusion are relevant only if the Defendant was exposed to them *prior* to the date he committed the crime.    Furthermore, only the Defendant himself can lay the proper foundation for the above-mentioned evidence, and he must do so by testifying in court.

A.  Testimony of Expert Witnesses

Courts properly exclude "expert" testimony regarding alternative interpretations of the tax laws, especially when a defendant did not actually rely on the expressed views of the expert at the time he committed the charged offenses.  *United States v. Burton*, 737 F.2d 439, 443 (5th Cir. 1984).  In *Burton*, the Court affirmed the exclusion of a tax professor's proposed "expert" testimony that defendant's theory and belief that wages were not taxable income was not implausible.  *Id*.  The district court excluded the testimony pursuant to Fed. R. Evid. 403 after weighing its "marginal contribution" with regard to the § 7203 charges against the "potential prejudice and confusion, keeping in mind that the judge remains the jury's source of information regarding the law."  *Id*.  The Court indicated that "[t]estimony such as that offered by Burton's 'expert' is not admissible as an explication of plausible readings of the statutory language."  *Id*. In so ruling, the Court noted that the defendant did not suggest that he actually relied upon the expressed views of the tax professor in failing to file tax returns.  *Id*. at 444.  This conclusion is consistent with the general rule that experts may not testify about "a legal standard or draw[ ] a legal conclusion by applying law to the facts."  *United States v. McIver*, 470 F.3d 550, 562 (4th Cir. 2006) (collecting cases).

B.    Testimony of Lay Witnesses

The Government anticipates that the Defendant may wish to introduce testimony of two types of lay witnesses: those who knew the Defendant personally and those who share the Defendant's views of the tax system.  It is not permissible for witnesses who knew the Defendant to express their opinions as to what the Defendant purportedly believed because that testimony calls for speculation regarding the true contents of the Defendant's mind.  Although the issue of whether the Defendant truly believed, albeit mistakenly, that he was not required to file tax returns is an ultimate issue of fact, for the jury alone to decide, lay witness testimony on that fact is normally improper.  *See United States v. Hauert*, 40 F.3d 197, 201–02 (7th Cir. 1994) ("[B]y the nature of a tax protestor case, defendant's beliefs about the propriety of his filing returns and paying taxes, which are closely related to defendant's knowledge about tax laws and defendant's state of mind in protesting his taxpayer status, are ordinarily not a proper subject for lay witness opinion testimony absent careful groundwork and special circumstances ….").

Witnesses who hold the Defendant's incorrect views on the tax laws should also be precluded from testifying as to their own subjective beliefs regarding the constitutionality or legal authority of the Sixteenth Amendment, the Internal Revenue Code, the Treasury regulations, and this Court, as that testimony is irrelevant to the Defendant's subjective beliefs. Only the Defendant's subjective beliefs are at issue.  The jury will not be asked to determine whether other individuals in good faith believed, for instance, that the Defendant was not obligated to file a tax return.  *See, e.g., United States v. Jinwright*, 683 F.3d 471, 483 (4th Cir. 2012) (upholding the district court's exclusion of certain witness testimony because the witnesses' own beliefs were "not relevant" to the defendants' guilt); *cf. United States v. Delfino*, 510 F.3d 468, 470–71 (4th Cir. 2007).

C.        Documents Created by the Defendant are Inadmissible Hearsay

Materials created by the Defendant, such as his submission to the Court (Doc. 46) and to

the case agent (Exhibit 1), are inadmissible because they lack evidentiary foundation and are self-

serving hearsay.  *See* Fed. R. Evid. 801(c); *see also United States v. Young*, 248 F.3d 260, 269–

70 (4th Cir. 2001) (upholding the trial court's exclusion of audio tapes that included self-serving

hearsay); *United States v. Bond*, 87 F.3d 695, 699–700 (5th Cir. 1996) (same).  Defendant's

materials also present an incorrect statement of the law to the jury, which invades the province

of the Court as the sole arbiter of the law.  Even if the Defendant testifies, any documents he

created remain hearsay and, moreover, are inferior to his own testimony.  Regardless of whether

the Defendant testifies, admission of the documents into evidence would be unduly prejudicial,

would confuse the issues, and mislead the jury because they are likely to contain incorrect legal

statements.

In addition to being self-serving hearsay, materials created by the Defendant do not

address the issue of willfulness.  "A normative belief that the law *should not* apply to him leaves

[the defendant] fully aware of his legal obligations and simply amounts to a disagreement with

his known legal duty and 'a studied conclusion that the law is invalid and unenforceable.'" *Willie*,

941 F.2d at 1392.  As such, documents created by the Defendant are not only inadmissible but

also irrelevant.

**III.    The Court Should Exclude Relevant Evidence that is More Prejudicial than
          Probative**

Even if certain evidence is relevant, the Court may exclude the evidence if its "probative

value is substantially outweighed by the danger of … unfair prejudice, confusing the issues,

misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Fed. R. Evid. 403.  Absent "extraordinary circumstances" in which a district court plainly abuses

its discretion,  its ruling under Rule 403 is final.  *See United States v. Udeozor*, 515 F.3d 260, 265

(4th Cir. 2008).

The Government anticipates that the Defendant will attempt to introduce prejudicial and

superfluous legal and pseudo-legal materials during the trial.  Such materials are highly likely to

be confusing to the jury, cumulative of the Defendant's own testimony, and unfairly prejudicial

in that the legal arguments presented are contrary to the law.

        A.      The Defendant Should Not Invade the Province of the Court by Publishing
                  Court Opinions, Statutes, or Regulations to the Jury

Any materials that the Defendant offers into evidence containing statements of the law,

such as court opinions, statutes, or regulations, should be excluded for confusing the jury and

invading the Court's authority.  *United States v. Simkanin*, 420 F.3d 397, 404 (5th Cir. 2005)

("[T]he district court must be permitted to prevent the defendant's alleged view of the law from

confusing the jury as to the actual state of the law ….").  Juries may not decide what the law is

and should not be given the opportunity to do so.  *Hill*, 167 F.3d at 1069.  The admission of

written copies of court opinions, statutes, or regulations amounts to legal instruction and would

serve only to confuse the jury as to the law and to invite disagreement with the Court's final

instructions.  *See United States v. Flitcraft*, 803 F.2d 184, 186 (5th Cir. 1986) (holding that case

law and other documents offered by the defendant as evidence of reliance were properly excluded

because they suggested to the jury that the law was unsettled and that the jury should resolve the

legal uncertainty).

The Defendant may, of course, testify as to how he interpreted a particular code section

or regulation and how his interpretation supported his purported beliefs.  He may, in addition,

read portions of "reliance materials" into the record, so long as he lays a proper foundation and the court issues a limiting instruction. *See, e.g.*, *United States v. Gaumer*, 972 F.2d 723, 724–25 (6th Cir. 1992) (suggesting that a defendant should be permitted to read relevant excerpts of reliance materials into the record). Such a distinction provides the Defendant with a full opportunity to present facts to rebut the Government's evidence of willfulness without inviting the danger of confusing jurors about the law during deliberations.

      B.      Third-Party "Reliance Materials" Are Less Probative than Defendant's Testimony

      In addition to official legal sources, the Defendant likely will attempt to introduce third-party materials. Many of these materials contain statements of the law and interpretations thereof. The Defendant's purpose in presenting these documents, as with the official sources, would be to attempt to erroneously instruct the jury on the law. As with the official sources, third-party materials are relevant only for the purpose of rebutting evidence of willfulness.

      The Defendant may quote portions of third-party materials, if the materials are relevant to the issue of willfulness and are contemporaneous with the prosecution years. *See Gaumer*, 972 F.2d at 724–25. As with the official source material, however, the Court need not allow publication of legal authorities to the jury or admission of them as rebuttal evidence to the Government's evidence of willfulness. *See Simkanin*, 420 F.3d at 412 (quoting *Flitcraft*, 803 F.2d at 185–86 (holding that introduction of cases and documents are cumulative in light of defendant's own testimony)); *see also United States v. Nash*, 175 F.3d 429, 436 (6th Cir. 1999) (affirming district court's refusal to physically admit certain reliance materials when defendant was permitted to mention and quote from them); *Gaumer*, 972 F.2d at 725 (opining that trial court need not physically admit hundreds of pages of tax protest documents); *Willie*, 941 F.2d at 1395; *United States v. Hairston*, 819 F.2d 971, 973 (10th Cir. 1987) (holding that defendant's testimony,

which included reading portions of tax protest materials, was more probative than the materials

themselves).  Moreover, although a jury may consider any evidence in determining whether the

Defendant truly believed that what he was doing was legal, the court need not admit every piece

of evidence the Defendant offers.  *See Willie*, 941 F.2d at 1394–95.

       C.        Testimony of Defendant

The Defendant may choose to testify in his own defense.  As part of a *Cheek* defense, the

Defendant can testify, for example, that he honestly believed that he was not required to file tax

returns.  The Defendant may not, however, give legal opinions during his testimony or quote legal

precedent to support his testimony. Testimony containing a legal conclusion is generally

unhelpful to the trier of fact.  "The problem with testimony containing a legal conclusion is in

conveying the witnesses' unexpressed, and perhaps erroneous, legal standards to the jury." *Torres

v. County of Oakland*, 758 F.2d 147, 150 (6th Cir. 1985); *see also Owen v. Kerr-McGee Corp.*,

698 F.2d 236, 240 (5th Cir. 1983).  It is the Court's domain to instruct the jury on the law, not

the witness's.

**IV.    The Defendant Should Not Ask Questions During Cross Examination That Would Require a Fact Witness to Give a Legal Opinion**

The Government also moves to limit the scope of the Defendant's cross-examination to

the facts of the case.  The Defendant should be prohibited from asking questions of fact witnesses

that challenge the state of the law because it would confuse the issues and mislead the jury.  *See

United States v. Middleton*, 246 F.3d 825, 838 (6th Cir. 2001).  Moreover, questions of this kind

would also go beyond the scope of direct examination.  The Court has the power to limit such

confusing questions. *See Delaware v. Van Arsdall*, 475 U.S. 673, 679–80 (1986) (holding that

the Confrontation Clause is not absolute and it is within a court's discretion to limit inappropriate

questioning); *Kittelson v. Dretke*, 426 F.3d 306, 319 (5th Cir. 2005); *Norris v. Schotten*, 146 F.3d 314, 329 (6th Cir. 1998). "[A] defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness and need not be heard by the jury, and, if they are, an instruction to disregard them would be proper." *Cheek*, 498 U.S. at 206. Therefore, any prohibition should prohibit questioning Internal Revenue Service ("IRS") employees about constitutional or legal interpretations of the law, which, as already noted, invades the province of the Court. The exclusion of questions of IRS employees that seek legal conclusions conforms to the ordinary rule that witnesses may not testify to legal conclusions. *See McIver*, 470 F.3d at 562.

CONCLUSION

WHEREFORE, for the above-stated reasons, the Government respectfully requests that

the Court exclude arguments, exhibits, and testimony on direct or cross-examination that is

irrelevant to the issue of willfulness or substantially more prejudicial than probative.


Respectfully submitted,

BY:   /s/ *Grace Albinson*
      Grace Albinson
      New York Attorney #4952697
      Francesca Bartolomey
      New York Attorney #5089990
      Trial Attorneys
      U.S. Department of Justice
      Tax Division

      Lisa R. McKeel
      Assistant United States Attorney
      Virginia State Bar #28652

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA       ) <br> ) <br> v.            ) <br> ) <br> KARL BURDEN EL-BEY    ) <br> (a/k/a Carl L. Burden)      ) <br> _____ ) | Case No. 4:20-CR-17 |

CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2021, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to

all counsel of record.

/s/ *Grace Albinson*
Grace Albinson
Trial Attorney
U.S. Department of Justice
Tax Division
New York Attorney #4952697