IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Newport News Division*

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 4:20cr17 (DJN) |
| ) | |
| KARL BURDEN-EL BEY, ) | |
| a/k/a Carl L. Burden, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION *IN LIMINE* REGARDING
SOLICITATION OF FRAUDULENT CHARITABLE DONATIONS**

Defendant Karl Burden-El Bey, by and through appointed counsel, Laura P. Tayman, respectfully moves *in limine* pursuant to Federal Rules of Evidence 401 and 403 to exclude any mention by government witnesses of solicitation by Mr. Burden-El Bey of charitable donations for corporations controlled by Mr. Burden-El Bey.

**I.   Background**

Mr. Burden-El Bey is before this Court having been charged by indictment with thirty-six counts related to violations of the tax laws, including; aiding and abetting the preparation of false tax returns, in violation of Title 26, United States Code, Section 7206(2) (Counts One through Thirty), theft of government funds, in violation of Title 18, United States Code, Section 641 (Count Thirty-One), and failure to file federal income tax returns, in violation of Title 26, United States Code, Section 7203 (Counts Thirty-Two to Thirty-Six). The general allegations in support of Count One of the Indictment allege that Mr. Burden-El Bey, from at least January 2013 through June 2019, was preparing IRS Forms 1040, U.S. Individual Income Tax Returns, for others in exchange for fees. Trial is scheduled for jury selection to begin on July 6, 2021, and evidence to begin on July 7, 2021. The Final Pretrial Conference in this matter is scheduled for June 18, 2021.

1

On June 9, 2021, the government provided notice that government witnesses J.H., C.M., D.S. and S.B. "will testify that the Defendant solicited what he described as charitable donations to two corporations in the Defendant's name – Virginia Sports Association and Veterans for Change. These so-called donations were provided by clients in the form of cash or checks. The checks were subsequently deposited into bank accounts controlled by the Defendant." The government contends that the acts are intrinsic to the crimes charged and "inextricably intertwined" with the charged criminal episodes. Accordingly, the government contends that while they are providing notice under Rule 404(b), the acts are not in fact evidence of other crimes they intend to offer pursuant to the dictates of Rule 404(b). The evidence is unfair prejudicial character evidence which should be excluded.

II.     **Legal Standard and Argument**

Federal Rule of Evidence 401 defines relevant evidence as having "any tendency to make a fact more or less probable than it would be without the evidence; and… the fact is of consequence in determining the action." Fed. R. Evid. 401. The fact that Mr. Burden-El Bey may have solicited donations for charities with which he was personally involved is not relevant to any fact of determinative consequence in this case.

Additionally, should the Court find the information presumptively relevant under Federal Rule of Evidence 401, then under Federal Rule of Evidence 403, the Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issue, misleading the jury, undue delay, wasting of time, or needlessly presentation of cumulative evidence. Fed. R. Evid. 403. Whether or not the charities were legitimate and whether or not Mr. Burden-El Bey solicited donations that were outside of and unrelated to tax filings and tax preparation fees is not relevant to any issue with respect to the charged offenses.

The government has not charged Mr. Burden-El Bey with any offense related to solicitation for charitable organizations and the evidence should be excluded because it poses a danger of unfair prejudice and risks confusing the jury about the charges. The probative value of this evidence is substantially outweighed by the danger of unfair prejudice and may confuse and mislead the jury. Moreover, the introduction of evidence regarding Mr. Burden-El Bey's conduct regarding various charities which the government alleges were fraudulent would needlessly waste time and divert the jury's attention from the relevant issues.

Mr. Burden-El Bey submits that allegations of separate, unrelated solicitations for fraudulent charities with which Mr. Burden-El Bey was involved is inadmissible character evidence, lacks probative value and should be excluded under Rule 403.

Additionally, Mr. Burden-El Bey submits that any information about his solicitation for fraudulent charitable donations which are unrelated to tax filings or tax preparation fees is inadmissible under Rule 404, because it amounts to inadmissible character evidence, and constitutes evidence of other crimes or acts which is specifically prohibited under Rule 404(a). Rule 404(a) provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Further, under Rule 404(b)(1), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

Federal Rule of Evidence 404(b) prohibits evidence of the defendant's acts to show that because he acted one way on one occasion, he likely acted similarly in the instant case. "The Rule 404(b) inquiry… applies only to evidence of other acts that are 'extrinsic to the one charged.'" *United States v. Logan*, 593 F.App'x 179, 183 (4th Cir. 2014) (quoting *United States v. Chin*, 83

3

F.3d 83, 87 (4th Cir. 1996)). Because the information is not necessary or relevant to any element of the charged offenses but rather is probative of a general propensity for fraud, Mr. Burden-El Bey submits that even if found to be relevant it still fails to satisfy any grounds of admissibility. See *United States v. Uzenski*, 434 F.3d 690, 710 (4th Cir. 2006). The evidence should be excluded.

### III.    Conclusion

Wherefore, Mr. Burden-El Bey respectfully requests that this Honorable Court exclude from evidence any mention of his solicitation of donations for charities he controlled. He makes this motion under Federal Rules of Evidence 401 and 403.

Respectfully submitted,

KARL BURDEN-EL BEY

By:    /s/
Laura P. Tayman
Virginia State Bar No.: 39268
Attorney for Defendant Burden-El Bey
Laura P. Tayman, PLLC
11815 Fountain Way, Suite 300
Newport News, Virginia 23606
Telephone Number: (757) 926-5277
Facsimile No.  757-544-9870
Email Address: Laura@TaymanLaw.net

### CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2021, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send an electronic notification (NEF) of such filing to all counsel of record, including:

    Francesca L. Bartolomey
    Trial Attorney
    Grace E. Albinson
    Trial Attorney
    Department of Justice, Tax Division
    150 M Street, N.E.

4 Constitution Square, Mail Stop: 1.1505
Washington, DC  20002
Tel. (202) 305-8803
Email: Francesca.L.Bartolomey@usdoj.gov
Email: Grace.E.Albinson@usdoj.gov

Lisa R. McKeel
Assistant United States Attorney
United States Attorney's Office
721 Lakefront Commons, Suite 300
Newport News, VA 23606
Tel. (757) 591-4000
Email: Lisa.McKeel@usdoj.gov

        _____/s/_____
        Laura P. Tayman, Esq.
        Virginia State Bar No. 39268
        Counsel for Defendant Burden-El Bey
        Laura P. Tayman, PLLC
        11815 Fountain Way, Suite 300
        Newport News, Virginia 23606
        Telephone No. 757-926-5277
        Facsimile No.  757-544-9870
        Laura@TaymanLaw.net